UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEAH Y. ARNOLD,

    *Plaintiff*,

v.

MARY MITCHELL, *Attorney, Office of County Counsel*; JOHN F. PHILIPS, *Chief Deputy, Office of City Counsel*; MELINDA MEEKEN, *Social Worker Supervisor II, HHSA*; PABLO NAVARRO, *Legal Counsel, Dependency Legal Group*; DEPARTMENT OF HEALTH AND HUMAN SERVICES; SAN DIEGO COUNTY OFFICE OF THE COUNTY COUNSEL and SAN DIEGO LEGAL GROUP,

    *Defendants*.
_____/

CASE NO. 20-CV-10495

DISTRICT JUDGE THOMAS L LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SCREENING OF THE COMPLAINT

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.

**II.   REPORT**

    **A.   Introduction**

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for general case management on February 28, 2020. (ECF No. 6.) Plaintiff's 162-page Complaint alleges violations of "freedom of speech, due process, cruel and

unusual punishment, hearing by an impartial tribunal, equal protection, right to be secure in my person, papers, etc., 14th Amendment, right to a speedy and public trial, deprivation of life, liberty, and property without due process of law, unreasonable search and seizure." (ECF No. 1, PageID.315.) Plaintiff seeks the following relief: (1) "reversal of current child custody order since it violates due process, equal protection and 14th Amendments; obtained by fraud"; (2) "void the current Move Away Order and reverse it due to lack of due process, equal protection; I was not notified or present for hearing"; (3) "that a rehearing be set for Robert Arnold's criminal charges of 300(d) child sexual abuse; a quid pro quo agreement dropped by the court"; (4) "that a jury determine a fair award for damages, including punitive damages on a scale to match the severity and wide ranging scope of the harm done to me, and my children"; (5) "that the father receive supervised visitation by a professional"; (6) "that our child custody case jurisdiction be transferred to Michigan"; and (7) "lists of items jury award should include". (ECF No. 1, PageID317.)

**B.     Law and Analysis**

**1.      Governing Legal Standards**

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing (1) the conduct about which he or she complains was committed by a person acting under color of state

3

law and (2) the conduct deprived him or her of a federal constitutional or statutory right. In addition, a plaintiff must allege that he or she suffered a specific injury because of the conduct of a particular defendant and must allege an affirmative link between the injury and that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### 2. *Rooker-Feldman* Doctrine

I suggest this Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims under the *Rooker-Feldman* doctrine.

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) ("'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).

That is precisely the situation here: Plaintiff's claims can only succeed to the extent that the state court wrongly decided the issues before it. Plaintiff's requests for relief make clear

that Plaintiff seeks to overturn child custody and visitation orders, get a case transferred from one state court to another, and to overturn Mr. Arnold's criminal conviction. Plaintiff's civil rights suit is therefore, I suggest, an impermissible attempt to appeal the specific findings of the California or Michigan courts, and should be dismissed.

### 3. Conclusion

For all the reasons stated above, I suggest that this Court *sua sponte* dismiss this action.

## III. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140, 155; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a

5

concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 30, 2020                               S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Leah Y. Arnold at 128 N. Warren Ave., Saginaw, MI 48607.

Date: March 30, 2020                                By s/Kristen Castaneda
                                                    Case Manager