UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEAH Y. ARNOLD,

                Plaintiff,

v                                          Case No. 20-10495
                                          Honorable Thomas L. Ludington
MARY MITCHELL, JOHN E. PHILLIPS,      Magistrate Judge Patricia T. Morris
MELINDA MEEKEN, PABLO NAVARRO,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, SAN DIEGO COUNTY
OFFICE OF THE COUNTY COUNSEL, SAN
DIEGO DEPENDENCY LEGAL GROUP,

                Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS, REJECTING EDITED RESPONSE TO REPORT AND RECOMMENDATION, ADOPTING IN PART REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT**

On February 25, 2020, Plaintiff Leah Y. Arnold filed a pro se action in this Court under 42 U.S.C. § 1983 against four individuals, Defendants Mary Mitchell, John E. Phillips, Melinda Meeken, and Pablo Navarro, and three entities, Department of Health and Human Services, San Diego County Office of County Counsel, and San Diego Dependency Legal Group. The individual Defendants are county or state officials except for Defendant Navarro, a private attorney who previously represented Plaintiff. As explained below, Plaintiff alleges that Defendants violated her rights under the United States Constitution. ECF No. 1. On February 28, 2020, Plaintiff's complaint was referred to Magistrate Judge Morris. ECF No. 6. On March 30, 2020, Judge Morris entered a report recommending the Court dismiss Plaintiff's complaint *sua sponte* for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 11.

The factual allegations underlying Plaintiff's 162-page complaint require some explanation. While the details are difficult to discern, Plaintiff alleges that Defendants conspired

to deprive her of custody over her two minor children; that Defendants wrongfully failed to prosecute Mr. Arnold, the children's father, for his criminal conduct involving the children, including his alleged molestation of one of the children; that, as a result, the San Diego County Superior Court wrongfully awarded Mr. Arnold full physical and legal custody of the children; and that the San Diego County Superior Court wrongfully granted Mr. Arnold a "move away" order allowing him to relocate the children to Michigan. ECF No. 1 at PageID.316-25. Plaintiff alleges that these actions and conspiracies violated her rights under the United States Constitution, including her right to freedom of speech, due process, equal protection, and freedom from cruel and unusual punishment.

Relevant to Plaintiff's allegations are two cases in San Diego County Superior Court and an ongoing custody proceeding in the Saginaw County Circuit Court, Family Division (*Arnold v. Arnold*, Case No. 16-029337-DC-4).[1] The San Diego County cases involved custody over the Plaintiff's children as well as criminal allegations against Mr. Arnold. ECF No. 1 at PageID.319-22. Plaintiff seeks several forms of relief with respect to these cases, which Judge Morris described in her recommendation:

> Plaintiff seeks the following relief: (1) "reversal of current child custody order since it violates due process, equal protection and 14th Amendments; obtained by fraud"; (2) "void the current Move Away Order and reverse it due to lack of due process, equal protection; I was not notified or present for hearing"; (3) "that a rehearing be set for Robert Arnold's criminal charges of 300(d) child sexual abuse; a quid pro quo agreement dropped by the court"; (4) "that a jury determine a fair award for damages, including punitive damages on a scale to match the severity and wide ranging scope of the harm done to me, and my children"; (5) "that the father receive supervised visitation by a professional"; (6) "that our child custody case jurisdiction be transferred to Michigan"; and (7) "lists of items jury award should include". (ECF No. 1, PageID317.)

---

[1] Plaintiff does not expressly identify these cases in her complaint, but the captions and other identifying information appear at various points in her exhibits. *See* ECF No. 1.

ECF No. 11 at PageID.484-85. Judge Morris recommended dismissing Plaintiff's complaint because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (quotations omitted). Judge Morris explained that:

> Plaintiff's claims can only succeed to the extent that the state court wrongly decided the issues before it. Plaintiff's requests for relief make clear that Plaintiff seeks to overturn child custody and visitation orders, get a case transferred from one state court to another, and to overturn Mr. Arnold's criminal conviction. Plaintiff's civil rights suit is therefore, I suggest, an impermissible attempt to appeal the specific findings of the California or Michigan courts, and should be dismissed.

ECF No. 11 at PageID.487–88. Plaintiff filed three objections to the Report and Recommendation. ECF No. 12. She subsequently filed an "edited response" to the Report and Recommendation, asking that her objections be reviewed by Judge Morris rather than Judge Ludington "in the interest of expediency." ECF No. 13. For the reasons stated below, Judge Morris' Report and Recommendation will be adopted in part, Plaintiff's objections will be overruled, Plaintiff's "edited response" will be rejected, and Plaintiff's complaint will be dismissed *sua sponte* for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the

basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.

### A.

In her first objection, Plaintiff contends that her complaint should not be dismissed pursuant to the *Rooker-Feldman* doctrine because some of the state court cases relevant to this action are ongoing. ECF No. 12 at PageID.491. *Rooker-Feldman* is a limited doctrine, "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff is correct that state proceedings must end for the *Rooker-Feldman* doctrine to apply. *See Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006) ("Under *Exxon Mobil,* the *Rooker-Feldman* doctrine only applies to cases brought 'after the state proceedings have ended.'").

Plaintiff offers evidence that she is a party to the Saginaw County proceeding, which appears to be ongoing. ECF No. 12 at PageID.491-92, 502. However, Plaintiff seeks more than federal intervention in the Saginaw County case. Plaintiff specifically requests that the Court reverse the child custody order, void the move away order, and order a rehearing on Mr. Arnold's criminal allegations—all injunctive relief directed at the San Diego County cases. ECF No. 1 at PageID.317. Plaintiff cannot invite the Court to set aside orders entered years ago in California while denying that the relevant cases have terminated in judgments against her.

Further, the application of *Rooker-Feldman* to the San Diego County cases is well-settled. "[F]ederal courts lack jurisdiction to issue custody decrees" and are further barred "from reviewing the state court judgments that deprived [Plaintiff] of custody and visitation rights." *Flejter v. Smith*, 61 F. App'x 257, 258 (7th Cir. 2003) (dismissing plaintiff-mother's § 1983 action against state officials for illegally terminating custody over her son under *Rooker-Feldman*). Similarly, with respect to the criminal allegations against Mr. Arnold, "[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114 (1979); *see also Moreno v. Wright*, No. 15-CV-2329 LAB (BLM), 2016 WL 519164, at *3 (S.D. Cal. Feb. 9, 2016) (dismissing § 1983 action seeking criminal charges against person in San Diego County Superior Court).

Moreover, while the Saginaw County case is outside *Rooker-Feldman*, Plaintiff's request that the Court intervene in the proceeding implicates *Younger* abstention. "The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). *Younger* has been extended to "civil proceedings in which important state interests are involved" and is "generally appropriate in matters of family relations such as child custody." *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001). Abstention is appropriate in civil cases where "(1) there is a pending state proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords the plaintiff an adequate opportunity to raise constitutional claims." *Id.*

In *Meyers*, the parents of a minor child filed a federal action against Illinois state officials, claiming that the procedures used to remove the child from their custody were unconstitutional. *Meyers*, 23 F. App'x at 202. At the time the parents filed their federal action, state proceedings regarding custody of the child were pending. *Id.* at 204. The Sixth Circuit held that *Younger* abstention was warranted given (1) the pending state proceeding, (2) that "child welfare and protection is an important state interest," and (3) that the parents had not met their burden of "establishing the inadequacy of the state courts." *Id.* at 205.

*Younger* abstention is appropriate here for the same reasons. The Saginaw County proceeding, which directly involves Plaintiff's custody rights over her children, is still pending. While Plaintiff claims that relief is "impossible" outside federal court, she has failed to show that the Saginaw County case affords her no opportunity to raise her constitutional claims. ECF No. 1 at PageID.318. Further, Michigan and California have a strong interest in child protection and

welfare, along with an interest in adjudicating and enforcing parental rights according to state policy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("[T]raditional domestic relations issues qualify as important state issues under the second element of *Younger*."). Plaintiff, in effect, asks the Court to commandeer the Saginaw County custody proceeding and second-guess the decisions of state courts. The Court must decline such a request. *See Liedel v. Juvenile Court of Madison Cty.*, Ala., 891 F.2d 1542, 1546 (11th Cir. 1990) ("[U]nder *Younger* and *Sims* federal district courts may not interfere with ongoing child custody proceedings."). Accordingly, Plaintiff's first objection will be overruled.

**B.**

In her second objection, Plaintiff argues that the *Rooker-Feldman* doctrine does not preclude a federal court from exercising jurisdiction when a state court judgment has been procured through "fraud, deception, accident, or mistake" or if the judgment was unconstitutional.[2] ECF No. 12 at PageID.492–93. According to Plaintiff, the custody order satisfies this exception because it was obtained after Defendants and Mr. Arnold entered into a "quid pro quo" agreement to "water down" Mr. Arnold's criminal charges. ECF No. 12 at PageID.493-94. Similarly, Plaintiff alleges that the move away order entered in California was procured unconstitutionally because Plaintiff was not provided notice of Mr. Arnold's request, violating Cal. Fam. Code § 3024. *Id.* at PageID.494-95. Plaintiff is partially correct. In certain circumstances, *Rooker-Feldman* does not preclude federal actions to set aside state judgements obtained unconstitutionally or by fraud. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998), *opinion amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001). Nevertheless,

---

[2] By raising this objection, Plaintiff seems to acknowledge that at least some of the relevant cases are not "ongoing," as discussed in Section II.A.

Plaintiff's objection will be overruled because she has not shown that any of the relevant orders were obtained unconstitutionally or by fraud.

Plaintiff's allegation that Mr. Arnold's custody over the children was obtained by fraud because the prosecutor and Mr. Arnold engaged in a "quid pro quo" to "water down" his criminal charges is meritless. Prosecutors and defendants routinely engage in plea negotiations, and the practice is well-regarded. *See Bordenkircher v. Hayes*, 434 U.S. 357, 361 (1978). That state officials and Mr. Arnold agreed to drop or reduce criminal charges against him does not mean that the subsequent child custody order was obtained by fraud.

Plaintiff's argument regarding a lack of notice prior to the move away order requires more consideration. In support of her argument, Plaintiff cites *Catz v. Chalker*, *supra*.[3] In *Catz*, the Sixth Circuit held that a § 1983 action attacking a divorce judgment for lack of due process was not barred by *Rooker-Feldman*, even though the plaintiff challenged the specific manner that the decree was obtained rather than the general constitutionality of a law. *Catz*, 243 F.3d at 294. The due process claim, according to the Sixth Circuit, was not "inextricably intertwined" with the divorce judgment because the plaintiff did not attack the merits of the judgment. *Id.*

Here, in contrast, Plaintiff directly challenges the merits of the move away order and asks the Court to void it and enter a new one. ECF No. 1 at PageID.317, 340 (requesting "permission to relocate back to California" and providing reasons). Further, Plaintiff's "due process" claim is predicated on the denial of a *statutory* right to notice under Cal. Fam. Code § 3024, which Plaintiff was not entitled to because Mr. Arnold had sole custody of the children. *In re Marriage of Burgess*, 913 P.2d 473, 482 (1996) ("In some cases, a custodial parent may be required to provide advance

---

[3] Plaintiff also relies on *Agg v. Flanagan*, 855 F.2d 336 (6th Cir. 1988). *Agg* addresses the domestic relations exception to federal diversity jurisdiction, which is not at issue here. *Agg*, 855 F.2d at 339. Plaintiff's reliance on *Agg* is therefore misplaced.

notice of a change in residence of the child . . . The provision is not mandatory. We do not construe it to limit, expressly or by implication, the right of a custodial parent to relocate . . . ."). Accordingly, Plaintiff's second objection will be overruled.

### C.

Given the application of *Rooker-Feldman* and *Younger*, the Court lacks subject matter jurisdiction over Plaintiffs injunctive relief claims. However, Plaintiff also seeks monetary relief. ECF No. 1 at 317, 341 (listing numerous types of damages sought). A "claim for money damages doesn't trigger the *Rooker-Feldman* doctrine" because *Rooker-Feldman* only "precludes federal jurisdiction over a challenge to the correctness of a state-court judgment." *Cowan v. Hunter*, 762 F. App'x 521, 524 (10th Cir. 2019). Similarly, *Younger* requires that claims for monetary relief are stayed rather than dismissed "to protect against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claims in state court." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998).

However, under 28 U.S.C. § 1915(e)(2), the Court "*shall* dismiss the case at any time if it determines that" the action "fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added). For reasons stated below, the Court has determined that Plaintiff's complaint fails to state a claim for monetary relief upon which such relief may be granted. Accordingly, notwithstanding the Court's subject matter jurisdiction, Plaintiff's remaining claim for monetary relief must be dismissed.

### 1.

A liberal reading of Plaintiff's complaint suggests that she seeks damages for constitutional violations from whichever Defendant is liable. ECF No. 1 at PageID.317 (requesting "that a jury

determine a fair award for damages, including punitive damages on a scale to match the severity and wide ranging scope of the harm done to me and my children"). While Plaintiff does not state so expressly, the "course of the proceedings" indicates that three of the individual defendants are being sued in their official capacities: Defendants Mary Mitchell and John E. Phillips as officials of the San Diego County Office of County Counsel (the "Office"), and Defendant Melinda Meeken as an official of the San Diego County Health and Human Services Agency (the "Agency").[4] *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed."). Plaintiff identifies each Defendant's official role in the caption to her objections to Magistrate Judge Morris' Report and Recommendation.[5] ECF No. 12. "[A]bsent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities." *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991) (dismissing plaintiff-father's § 1983 claims relating to termination of parental rights against juvenile court attorney, warning officer, and judge).

---

[4] Plaintiff seems to have misidentified the San Diego County Health and Human Services Agency as the "Department of Health and Human Services." Indeed, Plaintiff has failed to make any allegation against any "department" but has expressly identified Melinda Meeken as a social worker employed by "HHSA." ECF No. 12 at PageID.490. To the extent Plaintiff intended to state a claim against the California Health and Human Services Agency, an arm of the State of California, her claim is barred by Eleventh Amendment immunity. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

[5] Even if Plaintiff intends to recover against Defendants Mitchell, Phillips and Meeken in their personal capacities, Plaintiff challenges conduct that Defendants undertook while carrying out their official duties before the San Diego County Juvenile Court. ECF No. 1 at PageID. Accordingly, Defendants would be entitled to absolute immunity. *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (holding that social workers enjoy absolute immunity "when they are acting in their capacity as legal advocates"); *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) ("Social workers have absolute immunity when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents.") (internal quotations omitted); *Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984) (extending absolute immunity to social services attorney performing official duties); *accord Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and the "plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky*, 473 U.S. at 166. Plaintiff's naming of Defendants Mitchell, Phillips and Meeken along with the Office and the Agency is therefore redundant. *See Kentucky*, 473 U.S. at 167 n. 14.

Additionally, the Agency and the Office are agencies or subdivisions of the County of San Diego, so the County of San Diego is the proper defendant here. *See Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) ("[N]aming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citing *Monell*, *supra*); *Thomas v. San Diego Health & Human Servs. Agency*, No. 18CV1466-MMA (NLS), 2018 WL 6168276, at *1 n. 1 (S.D. Cal. Nov. 26, 2018) (noting that "[t]he County was also erroneously sued as San Diego Health and Human Services Agency" in action against county social workers).

A claim for money damages under § 1983 against a county is subject to a two-prong inquiry. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). First, it must be determined whether the plaintiff has asserted the deprivation of a constitutional right. *Id.* at 120-21. The second inquiry is whether the county is responsible for the violation. *Id.* For liability to attach, both requirements must be met. *Id.* However, a plaintiff may not recover against a county on a theory of respondeat superior. *Monell*, 436 U.S. at 691. Instead, a plaintiff must prove that county officials maintained a policy or custom that violated the plaintiff's constitutional rights. *Id.* at 690–691.

Assuming that her conclusory allegations show the deprivation of a constitutional right, Plaintiff has failed to state any basis upon which the County of San Diego might be liable for the alleged wrongdoing of Defendants Mitchell, Phillips, and Meeken. Plaintiff only recounts the alleged wrongdoing of Defendants without ever providing any indication that their purported behavior was the policy or custom of the County of San Diego, or the Agency or Office, more specifically. *See* ECF No. 1 at PageID.316-25. Accordingly, even the most liberal construction of Plaintiff's complaint fails to produce a plausible claim for monetary relief against the County of San Diego. Plaintiff has therefore failed to state a claim under § 1983 against Defendants Mitchell, Phillips, Meeken, the Agency, and the Office.

**2.**

The remaining Defendants are Pablo Navarro, a private attorney, and his employer the San Diego Legal Dependency Group, a private law firm. Defendant Navarro represented Plaintiff in the San Diego County cases. ECF No. 1 at PageID.316. A plaintiff can only bring a § 1983 action against a person acting "under color of state law." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). Plaintiff provides no reason to believe that Defendant Navarro or the San Diego Dependency Legal Group, independently or as Defendant Navarro's principal, were acting under color of state law during anytime relevant to this action. As a result, Plaintiff has failed to state a claim under § 1983 for monetary relief under against the remaining Defendants, Pablo Navarro and the San Diego Dependency Legal Group.

**D.**

Plaintiff's edited response will be rejected. She has filed objections to a report and recommendation issued by Magistrate Judge Morris. Accordingly, District Court Judge Ludington is the appropriate judicial officer to address Plaintiff's objections to Judge Morris' report.

**III.**

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 12, are **OVERRULED**.

It is further **ORDERED** that Plaintiff's edited response to the Report and Recommendation, ECF No. 13, is **REJECTED**.

It is further **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 11, is **ADOPTED IN PART**. The finding that the *Rooker-Feldman* doctrine precludes federal jurisdiction over open state court proceedings is rejected. However, Plaintiff's complaint will be dismissed as recommended in the Report and Recommendation. The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief in the San Diego County cases under *Rooker-Feldman* and in the Saginaw County case under *Younger*. Plaintiff's remaining claim for monetary relief is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED**.


Dated: August 20, 2020                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

- 14 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Leah Y. Arnold, at 128 N. Warren Ave., Saginaw, MI 48607 by first class U.S. mail on August 20, 2020.

s/Suzanne Gammon
SUZANNE GAMMON